[No. 4799.]

The Fort Lyon Canal Company et al. v. The Arkansas Valley Sugar Beet and Irrigated Land Company et al.

1. **Water Rights — Adjudication — Different Water Districts — Separate Actions—Limitation of Actions—Statutory Construction.**

   Mills' Ann. Stats, §§2434-2435, providing that after the lapse of four years from the time of rendering a final decree in any water district all persons shall be forever barred from setting up any claim adverse to the effect of such decree, applies to appropriators in different districts taking water from the same stream, and bars an independent action by any such appropriator against another appropriator to determine their relative rights after the lapse of four years, although the respective appropriations sought to be readjudicated were obtained in separate statutory proceedings in different districts, and such appropriators were not joined in either proceeding.—P. 337.

2. **Appellate Practice—Constitutional Question—First Raised on Rehearing.**

   A constitutional question cannot be injected into a case for the first time on a petition for rehearing.—P. 344.

3. **Constitutional Law—Due Process of Law—Limitation of Actions.**

   Mills' Ann. Stats, §§ 2434-2435, providing that after the lapse of four years from the time of rendering a final decree in any water district all persons shall be forever barred from setting up any claim adverse to the effect of such decree, are not unconstitutional on the ground of depriving parties in dif-

ferent water districts of their property without due process of law.—P. 346.

*Error to the District Court of Prowers County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by The Ft. Lyon Canal Company, William O'Neill and D. S. Elliott against The Arkansas Valley Sugar Beet and Irrigated Land Company and E. R. Chew, as superintendent of irrigation for water district No. 2 of the state of Colorado. From a judgment for defendants, plaintiffs bring error.

*Affirmed.*

Mr. Cʜᴀs. E. Gᴀsᴛ, Mr. Jᴀᴍᴇs W. McCʀᴇᴇʀʏ, and Mr. H. L. Lᴜʙᴇʀs, for plaintiffs in error.

Messrs. Rᴏɢᴇʀs, Sʜᴀғʀᴏᴛʜ & Gʀᴇɢɢ, for defendants in error.

Mr. H. N. Hᴀʏɴᴇs and Messrs. Gᴏᴜᴅʏ & Twɪᴛ-ᴄʜᴇʟʟ, *amici curiae.*

Mr. Jᴜsᴛɪᴄᴇ Gᴀʙʙᴇʀᴛ delivered the opinion of the court:

Can the relative rights of canals drawing water from the same stream for the purposes of irrigation, where their respective priorities have been regularly determined and awarded by adjudication proceedings in different water districts, be determined as between each other in an independent action after the lapse of four years from the date the respective adjudication decrees fixing such priorities were rendered? is the question presented for our determination in this case.

Plaintiff in error, The Fort Lyon Canal Company, owner of the Fort Lyon Canal, in connection with William O'Neill and D. S. Elliott, consumers under this canal, on the 24th day of September, 1901, commenced an action in the district court of Prowers

county against The Arkansas Valley Sugar Beet and Irrigated Land Company, owner of the Amity canal, and the superintendent of irrigation for water division No. 2, the purpose of which was to have determined the relative rights of the respective canals to the waters of the Arkansas river. In their complaint the plaintiffs alleged facts with respect to construction, diversion and appropriation for the purpose of irrigation upon which they claim that the right of the Fort Lyon canal to water from the river is superior to the rights of the Amity canal. The facts presenting the question under consideration, as disclosed by the pleadings, are substantially as follows:

The headgate of the Fort Lyon canal is in water district No. 17. By statutory proceedings instituted in the district court of Bent county—the court having jurisdiction to adjudicate rights to waters for irrigation in this district—there was, on the 3rd day of June, 1895, awarded priorities in the waters of the Arkansas river, to which the owner of the Fort Lyon canal has succeeded and is entitled to divert thereby, as follows: 164.64 cubic feet per second of time, of date April 15, 1884, and 597.16 cubic feet as of date March 1, 1887. This canal is now the property of The Fort Lyon Canal Company, one of the plaintiffs in error. The predecessors in interest of The Fort Lyon Canal Company were parties to these adjudication proceedings. The headgate of the Amity canal is in water district No. 67, and on the 1st day of July, 1895, by proceedings duly instituted in the district court of Bent county—the court having jurisdiction to adjudicate rights to the use of water for irrigation purposes in this district—there was awarded a priority to the flow of the Arkansas river, to which the owner of the Amity canal has succeeded and is entitled to divert through this channel, of

283.5 cubic feet, as of date February 21st, 1887. A predecessor of the defendant company was a party to these adjudication proceedings. These decrees have at all times since their entry been enforced by the officials charged with the distribution of water from the Arkansas river in accordance with the priorities awarded. They are in full force and effect, and have never been questioned by any action or proceeding except as they may now be drawn in question by the action instituted by the plaintiffs in error. The plaintiff company did not participate in the proceedings in water district No. 67, neither did the defendant company participate in the proceedings in district No. 17.

Upon the foregoing facts the defendants, among others, interposed a defense to the effect that the several decrees having been in force for more than four years prior to the bringing of the action by plaintiffs, §§ 2434 and 2435, Mills' Ann. Stats., constitute a bar to showing any priority other than those established by such decrees. The statutes above referred to, so far as relevant, are as follows:

"2434. Nothing in this act, or in any decree rendered under the provisions thereof, shall prevent any person, association or corporation from bringing and maintaining any suit or action whatsoever, hitherto allowed in any court having jurisdiction to determine any claim of priority of right to water by appropriation thereof, for irrigation or other purposes, at any time within four years after the rendering of a final decree under this act, in the water district in which such rights may be claimed, * * * and the water commissioner of every district where such decree shall have been rendered shall continue to distribute water according to the rights of priority determined by such decree, notwithstanding any suits concerning water rights in such district, until, in any suit be-

tween parties, the priorities between them may be otherwise determined, and such water commissioner have official notice by order of the court or judge determining such priorities, which notice shall be in such form, and so given, as the said judge shall order."

"2435. After the lapse of four years from the time of rendering a final decree in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits before then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree."

The trial court rendered judgment dismissing the complaint, and plaintiffs bring the case here for review on error.

The contention of counsel for plaintiffs is, that inasmuch as the adjudication proceedings were separate and distinct, neither of the parties to this action nor their predecessors participating in the proceedings in which the rights of the other were determined, that as between each other the respective proceedings are in no manner *res judicata,* and that the action of plaintiffs may be maintained as though adjudication proceedings had never been had, and the relative rights of the respective canals adjudicated without regard to such proceedings. Counsel for defendants contend that these adjudication proceedings, having been in all respects regular, are conclusive of the rights of the plaintiff company after the lapse of the period prescribed by §§ 2434 and 2435, *supra.* The determination of the case before us, in so far as we have stated what the record discloses, therefore, turns upon a construction of these sections with respect to imposing a limitation of the time within

which actions of the character commenced by plaintiffs may be instituted.

This court has held that the decrees of the several districts taking water from the same general source are *prima facie* evidence as between such districts.—*Independent Ditch Co. v. Agricultural Ditch Co.*, 22 Colo. 513. We have also decided that it is the duty of the superintendent of irrigation for a water division to distribute the waters of the streams of his division in accordance with the adjudication decrees of the water districts included therein, so that, in effect, the various decrees in a water division are to be treated as one, and water distributed accordingly.—*Lower Latham D. Co. v. Louden I. C. Co.*, 27 Colo. 267. Such was the law at the date when the adjudication proceedings were had and terminated in water districts 17 and 67, and each of the canals involved in this action took their priorities with this provision of the law attached, and under the conditions thereby imposed. When, then, if at all, do the decrees of different districts evidencing the rights of appropriators of water from the same general source, become conclusive as between such appropriators?

The decree when first entered is not final, because we find provisions for re-argument, and review, and for appeals—§§ 2425, 2427, Mills' Ann. Stats. Notwithstanding these provisions, however, the decrees are *res judicata* between those who were parties to, or participated in, the proceedings in which such decrees were rendered, and can only be attacked, reviewed or modified in the manner provided by law.—*Louden Canal Co. v. Handy Ditch Co.*, 22 Colo. 102. Section 2434 does not permit one who was a party to an adjudication proceeding to maintain an independent action against another party to such a proceeding for the purpose of fixing rights different from those determined in the ad-

judication proceedings, because such proceedings are, as to such parties, *res judicata.*—*Montrose Canal Co. v. Loutzenheiser D. Co.,* 23 Colo. 233; *Handy D. Co. v. South Side D. Co.,* 26 Colo. 333; *Cons. Home Supply D. & R. Co. v. New Loveland and Greeley Irr. & L. Co.,* 27 Colo. 521; *Crippen v. X. Y. Irr. Co.,* 32 Colo. 447. As this section is not intended for the benefit of parties to adjudication proceedings in the same water district, § 2435 is not, for it but emphasizes the limitation which it is the evident purpose of these sections to impose. Ample provision is made for the protection of the rights of parties to proceedings in the same district, but none of the provisions relating to this class relate to appropriators in different districts, as between each other. As to these, it was necessary for the orderly distribution of water, that the decrees in the different districts should be *prima facie* binding, but in order to protect their rights, as between each other, a period was given within which actions might be instituted to settle and adjust such rights. For this purpose, §§ 2434 and 2435 were enacted. Thereby opportunity was afforded to adjust such rights by an independent action, but, wisely, the period within which such an action could be commenced was prescribed; otherwise, rights as between appropriators of water in different districts where rights have been adjudicated, under the statutory proceedings, would remain unsettled indefinitely.

The state had the power to provide reasonable means for determining rights to the use of water, and to require all persons claiming such rights to present them in a prescribed manner, within a prescribed period, and to provide that all such claims not thus presented should be barred—*Barker v. Harvey,* 181 U. S. 481. Parties to adjudication proceedings in one district are bound to take notice of

the rights adjudicated in other districts whereby rights are fixed in the same stream, although they are not adjudicated in the same action and in a common forum.    They are bound to know that water from such a stream will be distributed according to the several decrees fixing rights therein, in the same manner with respect to priority and volume as though such several decrees were, in fact, one, because the law provides that the water shall be so distributed.—*Lower Latham D. Co. v. Louden I. C. Co., supra.*    For the statutory period the priorities of such districts are, as between the respective appropriators therein, but *prima facie* evidence of the rights of such appropriators; but after the lapse of four years from the date a decree is rendered fixing such priorities, unless suit is theretofore brought, they become conclusive, because after that date, except in case of suits before then brought, "all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree."    True, unless an independent action is commenced and prosecuted to judgment, the rights of appropriators in different districts will not be settled in a common forum, in an action wherein this class of appropriators were impleaded, but such appropriators have the opportunity to bring such an action, and if they do not do so within the time prescribed by law, they must accept the consequences.

Under the facts of this case, we are of the opinion that the action instituted by plaintiffs was barred by virtue of the provisions of the sections of the statutes interposed by the defendants.    It is urged by counsel for plaintiffs that these sections only apply to rights within a water district.    The effect of the previous decisions of this court is adverse to this contention; that is to say, it has been repeatedly decided

that these sections do not apply to parties to the same adjudication proceedings, as between each other, but to those who were not such parties.    The latter is the status of the parties to this action.    While it is recognized that an action of the character commenced by plaintiffs may be maintained, if not barred by the provisions of the statute to which we have referred, we do not wish to be understood as intimating the extent to which parties to such an action might be permitted to adjust their rights, without regard to their respective priorities established by statutory proceedings.

The judgment of the district court will stand affirmed.                                    Affirmed.

CHIEF JUSTICE STEELE and Mr. JUSTICE CAMP-BELL concur.

---

### On Petition for Rehearing.

Mr. JUSTICE GABBERT delivered the opinion of the court:

In support of the petition for rehearing, counsel have filed an additional and able brief, which is supplemented by instructive briefs by counsel amici curiae.    In view of the importance of the question involved in this appeal, and the fact that it is one of first impression, we deem it proper to further consider the questions discussed by which the conclusion was reached, that §§ 2434 and 2435, 1 Mills' Ann. Stats., constituted a bar to plaintiffs' action.

By § 5, art. XVI of the constitution, it was provided that the waters of every natural stream within the state not appropriated at the time when the constitution was adopted should be the property of the public, and was dedicated to the use of the people of the state subject to appropriation for beneficial uses. For the purpose of providing a procedure whereby

the rights to the use of water might be settled and evidenced in permanent form, the general assembly, in 1879 and 1881, passed irrigation statutes. It was a new field, and in the light of experience, we can, perhaps, point out many imperfections in these statutes, but they have been upheld by the courts and acquiesced in by the people for more than a quarter of a century. Rights to the use of water for the purpose of irrigation have been adjudicated under these statutes, and a vast area brought under cultivation through the application of water, the right to the use of which has been established in the method prescribed by statute. Great enterprises have been successfully launched on the faith and credit of the rights thus established. Without these rights the farms which have become valuable through the industry of the farmers of the state and which represent much in the way of labor and capital, as well as the great enterprises dependent upon them, in which vast sums have been invested, would practically be destroyed. Stability of title to the right to the use of water is just as important to maintain as stability of title to any other class of property. If the contention of counsel for plaintiffs should prevail, because of the provisions of the law on the subject of irrigation, then the rights to the use of water which have been adjudicated at so much expense would be of little or no value, or at least the title thereto would be involved in doubt. If the action commenced by plaintiffs can be maintained under the facts presented by the pleadings, then every water right in the state evidenced by adjudication proceedings in all respects regular is liable to be attacked by every other claimant of water taking water from the same stream, or its tributaries, in any other water district into which such stream or its tributaries may extend; and thus, as suggested, the adjudication proceedings had in

this state at so much expense, and for the purpose of settling rights to the use of water for irrigation, have accomplished little or nothing, and the whole field of the right to the use of water would have to be gone over again. Pending such further adjudication, rights would be unsettled, and a condition of affairs would be brought about disastrous in the extreme to those engaged in agricultural pursuits in this state or interested in enterprises more or less dependent upon them. This would be extremely unfortunate, but if the law is such that it cannot be avoided, we should not hesitate to so declare, because of the results which may follow.

Reduced to its final analysis, the contention of counsel for plaintiffs is, that the adjudication decrees are not binding upon the plaintiff company because neither it nor its predecessors were ever impleaded with the owners of the Amity canal in a common forum for the purpose of having their relative rights to the use of water from the Arkansas river determined.

The first criticism of the opinion is, that it does not appear from the record that the decrees rendered in water districts Nos. 67 and 17 have been enforced by the officials charged with the distribution of water in accordance with the priorities awarded. This contention is based upon the assumption that The Fort Lyon Company, by reason of the distribution of water in accordance with the priorities awarded, was not deprived of its rights until about a year before it commenced its action. We do not think this fact is of any particular importance in the present case. It is, perhaps, true that by adverse user, abandonment or other conditions arising after the rendition of a decree, rights may be acquired, or lost, independent of such decree; but no such question is presented by the record in this case, because, in our

judgment, the material one, according to the aver-
ments of the complaint, is the right to question the
decrees involved after the lapse of four years from
their rendition.  The statutes involved do not deal
with adverse rights or adverse user, but simply pro-
vide that after the lapse of a specified period the
final decree in any water district (assuming, of
course, that the proceedings were regular) shall bar
all persons from setting up any claim to water for
irrigation in such water district adverse or contrary
to the effect of such decree.  In this respect, these
statutes are different from statutes of limitation
construed in cases cited by counsel, wherein it was
held that time within which an action might be
brought did not begin to run until there was an ad-
verse claim to the subject of controversy.

It is again urged upon our attention that these
statutes do not apply to parties outside of the water
district.  As we endeavored to point out in the orig-
inal opinion, this contention is not tenable.  If these
sections are only applicable to parties in the dis-
trict in which adjudication proceedings are had, then
such proceedings would accomplish little or nothing
in the way of adjusting rights to the use of water.
They could be invoked, priorities awarded, and then
ignored by the commencement of other actions by
parties dissatisfied with the decree.  Such could not
have been the purpose of the general assembly when
the irrigation statutes were passed, and this court
has so declared in cases cited in the original opinion.

It is also urged that, because parties claiming
rights to the use of water outside of the district in
which adjudication proceedings are had may not
participate in such proceedings, therefore the stat-
utes in question must be limited to parties in the
same water district.  Instead of this being an argu-
ment in favor of such construction, we think it but

strengthens the conclusion, that these sections were intended to protect the rights of parties claiming water from the same source in different water districts if they saw fit, within the time prescribed, to assert their rights by some appropriate action. Such a provision was necessary to protect the rights of claimants to water in different districts because they could not be heard in a common forum, in a statutory adjudication, but not necessary to guard the rights of parties in the same district because they could be heard and their rights adjudicated in the same action in the tribunal vested with authority to hear and adjudicate such rights.

It is now urged that the construction of the statutes under consideration render them unconstitutional, because parties in different water districts are thereby deprived of their property without due process of law. When the case was argued orally counsel were interrogated by the court as to whether or not a constitutional question was involved. This was answered in the negative, and yet the case then, as now, turns entirely upon a construction of §§ 2434 and 2435. A constitutional question cannot be injected into a case for the first time on petition for rehearing. But, aside from this, we do not think there is a fairly debatable constitutional question involved. It is universally held that a statute of limitations is not invalid if the time thereby provided in which actions are barred is not unreasonably short. All persons are bound to take notice of a public law. The irrigation statutes are public, and apply to all persons taking water from the same source. The waters of the state belong to the public, and, as we said, in substance, in the original opinion, the state in its sovereign capacity had the right to provide a reasonable method whereby such rights might be adjudicated and settled, and to require

claimants of such rights to present them in a prescribed manner, within a prescribed time, and unless the law in this respect was obeyed, that all claims not thus presented should be barred. That is what the statutes on the subject of the use of water for irrigation have provided. All persons are bound to take notice of these provisions. So far as the parties to this appeal are concerned, they were bound to know that rights to the use of water for the purpose of irrigation would be adjudicated under these statutes from the source of the Arkansas river to the state line; that different districts were created covering this territory; that rights would be adjudicated in each of such districts independent of, and without regard to adjudications in, the others; that, when an adjudication was had in one district, the rights thereby fixed could not be successfully assailed by claimants in another district after the lapse of four years from the rendition of the decree fixing such rights; and that each claimant to an adjudicated right under the statute could properly assume, after the lapse of that period, that his right was finally and conclusively settled as against the claims of all persons claiming rights to the use of water from the river. By these provisions of the law each claimant is put upon inquiry as to when adjudication proceedings are.had in the several districts into which the river extends; and, being put upon inquiry, has constructive notice of all facts which he could have learned by investigation which the statute contemplates by its terms he shall take notice of. In other words—he has constructive notice of all ·those contingencies which, by virtue of the operation of the statutes, through adjudication proceedings thereunder, fixes his rights as against claimants in other districts along the stream, and will conclude his

claims as against them, if he does not act within the statutory period. For these reasons he is not deprived of his property without due process of law, because he is afforded notice, from a legal source which he cannot ignore, that rights to the use of water from the same stream in which he claims a right cannot be assailed by him unless he invokes the remedy which the law has afforded within the time thereby prescribed.

Considerable reliance is placed upon *Nichols v. McIntosh,* 19 Colo. 22, by counsel in support of the petition for rehearing. That case, however, related solely to parties claiming rights in the same water district, and what was said must be limited accordingly.

Our attention is also directed to *Farmers' Independent D. Co. v. Agricultural D. Co.,* 22 Colo. 513; but no point properly before the court in that case was decided adversely to our conclusion in the case at bar. It was held that the act of 1887, relating to the distribution of water in accordance with the several decrees embracing the same watershed, was not unconstitutional, and that a suit might be brought by a claimant of water in one district against a claimant in another from the same source for the purpose of determining their relative rights; but the question of the time within which such an action should be brought was not before the court, and not determined.

We are of the opinion that our conclusion as originally announced is correct, and the petition for rehearing will be denied.       *Rehearing denied.*

Chief Justice Steele and Mr. Justice Campbell concur.