[No. 5898.]

THE BROAD RUN INVESTMENT COMPANY v. THE DEUEL & SNYDER IMPROVEMENT COMPANY ET AL.

1. **Appeals—Form of Action Not Questioned by Parties—** Where no question was made either below or in this court as to the form of the proceeding, the court determined the merits of the controversy, though the proceeding was special under a statute, and a bill in equity should have been presented.—(577)

2. **Water Rights — Adjudication of Priorities — Application After a General Decree, by Cne Not Party Thereto —** It seems that, where a decree has been entered adjudicating priorities in a water district under the statute, the special proceeding authorized by sec. 2421, Mills' Stats. (Rev. Stats., sec. 3317) is not proper where the petitioner was not a party to the proceeding leading up to the general decree, and the priority asserted will, if allowed, materially affect and interfere with the priorities awarded by such decree; and sec. 2434, Mills' Stats. (Rev. Stats., sec. 3313) does not authorize it. The proceeding must be by bill in equity.—(576)

The proceeding authorized by sec. 2434, Mills' Stats. (Rev. Stats., sec. 3313) is allowed only to those not parties to the

original proceeding, or who, if parties, claim a priority junior to all those awarded by the decree.—(579)

3. ——Effect of Decree—Limitations—The statute contemplates an adjudication of the rights of all persons who claim an appropriation by any means whatsoever, whether by ditch, canal, reservoir, or otherwise. The proceeding being regular, every inhabitant of the district is charged with notice of it, and whether he appeared to assert his claim or not, is bound by the decree. —(582)

One who is duly served with notice of the proceeding, or appears therein and becomes party thereto, is barred after the lapse of two years. If not duly served, and not appearing, he is barred after the lapse of four years from the entry of the decree, from asserting any claim or priority adverse or contrary to the decree, unless in the meantime he has instituted the proceeding permitted by the statute (Mills' Stats., sec. 2434, Rev. Stats., sec. 3313).—(583)

4. Cases Overruled, Explained or Distinguished—Expressions in the opinions in Greer v. Heiser, 16 Colo. 306, and Nichols v. McIntosh, 19 Colo. 22, inconsistent with what is announced herein, are superseded by previous decisions.—(583)

*Appeal from Weld District Court*—Hon. CHRISTIAN A. BENNETT, Judge.

Mr. JAMES W. McCREERY, for appellant.

Mr. H. N. HAYNES, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The Broad Run Investment Company, a corporation, claimed an appropriation of water for irrigation in water district No. 1, of ninety cubic feet, with a priority as of December 27, 1900, the date of the beginning of work on its Trowel ditch, which was thereafter diligently completed and the water from it applied to a beneficial use. It also claimed that the ditch was constructed, in part, to carry and utilize an additional appropriation, acquired by its grantor, of fifteen second cubic feet under what is commonly known as the Meadow Act (sec. 2268, Mills' Ann.

Stats.; sec. 3176, Rev. Stats. 1908), and which re-
sulted as the natural overflow of the waters of the
stream upon its adjoining meadow lands as early as
the year 1875, and which has been continuously used
and enjoyed by it and its grantor down to the time
of the filing of its petition in June of 1903.  This
proceeding was instituted by petitioner by filing its
petition under sec. 2421, Mills' Ann. Stats., which,
among other things, declares that no recognition of
any priority shall be regarded by any water commis-
sioner in distributing water in times of scarcity until
such time as the claimant by application to the proper
court has obtained leave and made proof thereof and
received his decree therefor.  The petitioner here
contends that, as the original adjudication of water
priorities in this water district was made in Novem-
ber, 1895, and as its ditch was not constructed until
1900, and no priority has hitherto been judicially
awarded to it, it is entitled in the special proceeding
provided by sec. 2421 to an adjudication thereof,
which it prays for, naming the other ditches and ap-
propriations which may be affected by the decree
which it asks, even though, as to the fifteen second
feet, the decree sought, would, if rendered, conflict
with and antedate some of the priorities fixed in the
original decree.  The court appointed a referee to
take testimony and make findings of fact, which was
done, and on such finding the court rendered a decree
awarding to petitioner ninety second cubic feet of
water, whose priority was to date from the beginning
of the construction of its ditch in 1900, concerning
which there is no controversy here, but refused to
allow the appropriation based upon the so-called
meadow act.  The latter portion only of the decree
is appealed from, and the only question argued here
is whether petitioner is entitled to a decree for its
ditch of a priority of fifteen second cubic feet, to date,

by way of relation, to the earliest time it enjoyed and had the benefit of the natural overflow of the stream upon its meadow lands.

As preliminary to the main discussion, we observe that several of the priorities, as fixed by the original decree of adjudication rendered in 1895, are of a date later than that which petitioner claims as a "meadow" appropriation by way of relation. Necessarily, therefore, if a decree in its favor, as prayed for, is granted, it would materially and injuriously affect and subordinate a number of priorities under the original decree, because it would antedate them. Though objection has not been raised by the respondent that this proceeding is not the proper remedy, we notice the point for ourselves, that we may not be understood as sanctioning the practice of entertaining the statutory special proceeding, when, as here, it appears that an adjudication as to the meadow priority is invoked by one who claims that it was not a party to the original adjudication proceeding, and when, if the decree passes, it will materially affect and interfere with the priorities of the original decree. It is true that, under sec. 2434 of the statute, permission is granted to persons who were not parties to, or who did not appear in, the proceedings which culminated in the original decree, to establish their right to the use of water by some appropriate action or suit, such as was allowed in any court of competent jurisdiction before the so-called adjudicating statutes were enacted, even though a determination was sought of priorities claimed to be earlier in time than any of those established by the statutory decree. Yet, this is not authority for saying that in the special proceeding under sec. 2421, which is the one here employed, it is competent for the court to permit a suitor thus to have determined his claim of right to such a priority. *Crippen v. X.*

*Y. Irr. Co.,* 32 Colo. 447, decided after this proceed-
ing was begun, says the section does not contemplate
such a case. If such relief can, in any event, be
granted to one not a party to the original proceeding,
the available remedy is a suit in equity and not a
proceeding under the statute. For that reason alone,
the trial court properly refused to award the priority
under consideration, wholly irrespective of the merits.
But, since the question of the proper remedy is not
raised by the respondent here, and the remedy in-
voked was the right one for establishing one of peti-
tioner's priorities of a date subsequent to the entry
of the decree, we proceed to determine the contro-
versy concerning the other priority claimed, upon its
merits, and as if the appropriate remedy was em-
ployed.

The facts of this case are, as found by the referee,
that, beginning with the year 1881, the meadow lands
of the petitioner, during ownership by its grantor,
were irrigated as the result of the natural overflow
of the stream on whose banks the meadows are sit-
uate, and until about the year 1886 crops of hay were
grown as the result of that method of natural irriga-
tion. Beginning about the year 1886 a number of
large ditches and reservoirs were constructed, taking
water from the stream, with the result that so much
of its waters were diverted that the amount of the
natural overflow upon this meadow was materially
diminished, and to such an extent that its then owner
at one time constructed a ditch through which waters
from the stream were diverted in an equal quantity
for its artificial irrigation. This ditch seems to have
been abandoned, at least its use was discontinued, and
the owner afterwards became a stockholder, or a part
owner, in another ditch, to which a different priority
had been awarded, and through which he irrigated
his meadow. These conditions prevailed at the time

(37)

of, and for a period of nearly nine years before, the
rendering of the original adjudication decree in 1895.
Before that decree was rendered, and pending. that
proceeding, a number of other owners of meadow
lands; situate with reference to the stream the same
as the lands of petitioner, after the natural overflow
was lessened and after they had constructed ditches
through which to enjoy their meadow appropriations,
appeared in that proceeding and offered their proofs
and received for their ditches decrees as of a priority
relating back to the time when they first enjoyed the
benefits of the natural overflow of the stream.  Peti-
tioner's grantor, however, did not avail himself of
this privilege and no steps were taken by him, or by
petitioner, directly to utilize the meadow appropria-
tion through a ditch until the month of December,
1900, more than three years after the decree was ren-
dered, except through the abandoned ditch and from
a third ditch, as above mentioned.  The referee
found, and the trial court approved the findings, that,
under secs. 2434, 2435, Mills' Ann. Stats., the peti-
tioner's rights, if any it ever had, were barred.
There was also a finding that petitioner was guilty
of laches and had acquiesced in the provisions of the
decree to such an extent that it ought not to maintain
this proceeding.  In substance sec. 2434, so far as
material here, authorizes a claimant of an irrigation
priority at any time within four years from rendering
a final decree in the statutory adjudication proceed-
ing, to bring any suit hitherto allowed, in a proper
court, to determine and establish such priority.  Sec.
2435 reads:

"After the lapse of four years from the time of
rendering a final decree, in any water district, all
parties whose interests are thereby affected shall be
deemed and held to have acquiesced in the same, ex-
cept in case of suits before them brought, and there-

after all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree.''

The precise question thus presented for determination respecting the bar of the statute has not been directly or expressly, though, in principle, we think it has been, decided by this court. The general adjudication statutes have often been before this tribunal for consideration. They have been held to be a legitimate exercise by our general assembly of the police power of the state, and the proceeding thereby furnished is in the nature of a proceeding *in rem.—Louden Irr. Canal Co. v. Handy D. Co.,* 22 Colo. 102, 113. In this and other cases we have decided that, as to parties to such proceedings, the decree is *res adjudicata,* and unless impeached for fraud, or application for a review thereof is made by the parties within two years, the provisions of the decree are final and binding, at least as to them.— *Louden Irr. Canal Co. v. Handy Ditch Co., supra; Ditch Co. v. Ditch Co.,* 22 Colo. 102, 115; *New Mercer Ditch Co. v. Armstrong,* 21 Colo. 357; *Crippen v. X. Y. Irr. Co., supra.* In *Canal Co. v. Loutsenhiser Ditch Co.,* 23 Colo. 233, it was said that a decree in such proceedings is conclusive as to the parties thereto after the expiration of two years. It was also held that, under sec. 2434, right to bring such action to establish priorities as it authorizes, within four years after a statutory adjudication has been made, may be exercised only by those who were not parties to that proceeding, or, if parties thereto, whose right of action accrues out of matters arising subsequent to the decree. See, also, *Crippen case, supra.* It is entirely clear that ''matters arising subsequent to the decree,'' means claims of priority for an appropriation made subsequent to the lowest appropriation in-

cluded in the decree. This is expressly stated in the *Crippen case,* where it was said that the section, speaking of sec. 2421, applies to an adjudication of priorities of a date later than the lowest one fixed by former decrees. The *Crippen case* clearly foreshadows the ruling, if it does not, in effect, determine, that the bar of the statute, sec. 2435, applies to such a claim as is here involved. That was a case where one who was a party to the original proceeding, but offered no proof of his priority, claimed that the two years' limitation did not apply to him, but the court said that it did. It also again said that sec. 2434—the four years' limitation—refers to an independent action and may be invoked only by those who were not parties to the original proceeding, while sec. 2421 applies to all persons who seek to establish priorities of a later date than the lowest one fixed by an original decree.

We cannot sanction the claim of the petitioner here. It is that, irrespective of the question of time, one who has acquired an appropriation for his meadow lands, as the result of the natural overflow of the waters of the stream, may, when the same has become diminished in quantity, and whenever thereafter it suits his convenience, construct a ditch and have a priority awarded to date back by way of relation to his meadow appropriation, even though such priority antedates the priorities fixed by a previous statutory decree. We think *Fort Lyon Canal Co. v. Arkansas Valley S. B. & Irr. L. Co.,* 39 Colo. 332, the opinion in which was handed down after the briefs in this action were filed, is conclusive against petitioner. It was there held that after the lapse of four years from the time of rendering a water decree in any water district, all persons are forever barred from setting up any claim adverse to its effect, and that the bar applies to appropriators in different

districts taking waters from the same stream, preventing an independent action by an appropriator in one water district against another appropriator in a different water district, to determine their relative rights, after the lapse of the period of four years, although these respective appropriations, sought to be readjudicated, were obtained in separate statutory proceedings in different water districts and the appropriator in neither district was a party or appeared in the proceedings in the other.    The opinion in that case is an exhaustive discussion of the subject and reviews many of the cases in this court, including those which we have cited in this opinion.    If the statute operates as a bar in such a case, it certainly does in the case at bar.

The same conclusion may be reached by another process of reasoning.    We may rightfully assume that in the original decree of adjudication the proper notices were given and published, which, if the statute in that respect was complied with, would bind this petitioner, the same as if he had actually appeared in, or participated in the original proceeding, since it was in the nature of a proceeding *in rem,* the petitioner a legal resident, and the priority which it claimed was for lands situate in this water district. In *Combs v. Farmers' H. L. C. & R. Co.,* 38 Colo. 420, at page 426, it was said:  "Ample provision is made for personal service of notice upon ditch owners, and for publication of notice for those who cannot thus be served, and this notice requires not only all owners of ditches and other persons interested therein, but also all persons interested as *owners or consumers of water,* to be present at the hearing provided for, and present proofs of their priority of right to water by appropriation."    And it was further said in that case that this statutory proceeding contemplates that there shall be an adjudication not only of the

priorities of appropriation of water between ditch companies and owners of ditches, but also "an adjudication of all other questions of law and questions of right growing out of, or in any way  *  *  * connected therewith." While it is true that the petitioner here did not, during the pendency of the original adjudication proceeding, file therein its claim of priority of right through the ditch in question, because it was not then constructed, yet it did claim, and here asserts, that it was then the owner of a priority which was conferred upon it by the so-called meadow act, and which had been diminished by reason of other appropriations, and certainly this claim of an appropriation grew out of, and was involved in and connected with the claims of appropriation by other ditch, canal, and reservoir owners. The proceeding contemplated not only an adjudication to ditch, reservoir, and canal owners, but an adjudication as to all persons who claim appropriations of water by whatever means or medium such appropriation was made and enjoyed. Because of the diminished flow of the natural waters of the stream, petitioner was not able to enjoy its meadow act appropriation to its full extent for more than nine years before the final decree was rendered. It, or its grantor, claimed to own an appropriation in this water district while these proceedings were pending. It is charged with notice thereof, and though it was deprived of the natural flow of the stream, and had constructed, and had for a time used, a ditch with which to obtain water for its meadow lands, and for a portion of the time used other appropriations for irrigating the same, still it did not, as it might have done, construct a ditch while the original proceeding was pending and apply for and attempt to get a decree therefor with which to utilize its meadow appropriation. Our conclusion, therefore, and for the

reasons given, is that whether petitioner was, or was not, a party to the original proceeding, it is bound. If a party, or properly served with notice, the two years' limitation operates as a bar. If not a party, or if not duly served with notice, the four years' statute is a bar. And this is so since sec. 2434 provides that an independent action or proceeding in a competent court of jurisdiction may be brought by one who was not a party to the original proceedings, within four years from the rendering of the final decree, even though in such action a judgment might be rendered affecting or superseding some one or more clauses of the final decree, and as it also appears that no such independent action, or other proceeding, statutory or other, was instituted by petitioner within four years after the rendering of the original decree, we are of opinion that sec. 2435 bars petitioner's rights, for it expressly says that after the lapse of four years from the time of rendering a final decree, all persons who have not, in the meantime, by the independent action provided for in the preceding section, had their rights judicially ascertained, are forever barred from setting up any claim and priority of rights to water for irrigation in such water districts, adverse or contrary to the effect of the decree. Petitioners' claim of right with respect to his meadow appropriation, if determined by the court in this proceeding in accordance with his claim, would be adverse and contrary to the effect of the decree of 1895, hence it is altogether clear, under the express language of the statute, as construed by our previous decisions, that the claim is barred. We are not called upon to express an opinion as to the finding of the court that petitioner's laches and acquiescence estop it to assert the claim which it now makes, since we are satisfied that the statute of limitations is a complete bar. In *Nichols v. McIntosh*, 19 Colo. 22, and

*Greer v. Heiser,* 16 Colo. 306, there may be expressions inconsistent with what is here decided; but, if so, such former observations, or holdings, have been modified or superseded by our later cases, some of which are referred to in this opinion, and which are in entire harmony with the conclusions herein reached.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.