[No. 8149.]

CONSOLIDATED HOME SUPPLY DITCH & RESERVOIR COMPANY
ET AL. V. TOWN OF EVANS.

WATER RIGHTS—*Change of Place of Diversion—Questions to Be Determined.* In a proceeding to change the point of diversion, the only question

to be determined is whether the proposed change will adversely affect the vested rights of others. (485.)

Where a decree in general adjudication proceedings awarded petitioner a priority, such decree is not open to a collateral attack except upon grounds which affirmatively appear in the record.* (484.)

*Syllabus by BAILEY, J.

*Error to Denver District Court.* HON. JAMES H. TELLER, Judge.

Mr. H. N. HAYNES and Mr. C. D. TODD, for plaintiffs in error.

Mr. JOSEPH C. EWING, for defendant in error.

BAILEY, J., delivered the opinion of the court.

This is a case in which it is sought to have confirmed a change of point of diversion of a certain decreed priority in Water District No. 2, diverting water at a point on the west side of the South Platte River, in Weld County, Colorado, a short distance below the point where the Big Thompson empties into the South Platte; to a point up the Big Thompson about one and one-half miles from its mouth, in Water District No. 4. Decree was entered March 12th. 1912, granting the prayer of the petition confirming the change, subject to certain limitations in the diversion and use of the water specified in the decree, for the protection of other water users.

In a proceeding in the District Court of Arapahoe County to obtain a general adjudication of priorities of water rights for irrigation in Irrigation District No. 2, a decree was entered in behalf of the St. Louis Colony Ditch No. 1, giving it a priority of date April 20th, 1871, for 29.28 second feet of water out of the South Platte River. By deed dated the 15th day of May, 1876, the St. Louis Western Colony, owner and user of the St. Louis Colony Ditch No. 1, and its decreed priority, conveyed the same to Henry Martin and John M. McCutcheon, and in turn, on

the 21st day of January, 1893, these grantees conveyed this water right and ditch to the Town of Evans, petitioner herein. It is clear from the record that there was a Colony Ditch No. 1, heading on the west bank of the South Platte River, in Water District No. 2, a short distance below the mouth of the Big Thompson River, near the Town of Evans, and that, in an adjudication decree for said district, entered in Denver, April 28th, 1883, it was adjudged priority No. 21 for 29.28 second feet of water as of date April 20th, 1871, from the South Platte. It also further appears that the petitioner owns this property, and that it owns the Evans Town Ditch, through which latter ditch it now is, and for some twenty years has been, diverting and applying the aforesaid priority. The right is forty-four years old, and has been decreed for about thirty-two years.

It is undertaken, at this late day, in these proceedings to challenge the validity of the original decree, because of alleged lack of jurisdiction in the District Court of Arapahoe County to award it, although there is nothing on the face of the record to indicate such lack. That this cannot be done, being strictly collateral in its nature, in a proceeding of this sort, is firmly established by the following authorities: *Ft. Lyons Canal Co. v. Arkansas Valley S. B. & I. L. Co.*, 39 Colo. 332, 90 Pac. 1023; *O'Brien v. King*, 41 Colo. 487, 92 Pac. 945; *Platte Valley Irr. Co. v. Central Trust Co*, 32 Colo. 102, 75 Pac. 391; *Farmers' U. D. Co. v. Rio Grande C. Co.*, 37 Colo. 512, 86 Pac. 1042; *Wadsworth D. Co. v. Brown*, 39 Colo. 57, 88 Pac. 1060; *Alamosa Creek Co. v. Nelson*, 42 Colo. 141, 93 Pac. 1112; *Broad Run Inv. Co. v. Deuel & Snyder Imp. Co.*, 47 Colo. 573, 108 Pac. 755; *O'Neill v. Northern Colorado Irr. Co.*, 56 Colo. 545, 139 Pac. 536; *W. S. & S. Co. v. Larimer & Weld I. Co.*, 24 Colo. 322, 51 Pac. 496, 46 L. R. A. 322; *Boulder & Weld County Ditch Co. v. Lower Boulder Ditch Co.*, 22 Colo. 115, 43 Pac. 540; *New Mercer D. Co. v. Armstrong*, 21 Colo. 357, 40 Pac.

989; *Louden Canal Co. v. Handy D. Co.*, 22 Colo. 102, 43 Pac. 535; *Montrose Canal Co. v. Loutsenhizer. D. Co.*, 23 Colo. 233, 48 Pac. 532; 3 Kinney on Irrigation (2d Ed.), pp. 2876, 2877; 2 Wiel on Water Rights (3d Ed.), p. 1136.

The respondents also interposed, or attempted to interpose, the defenses of abandonment, forfeiture by non-use, and title by prescription. These defenses were not available to the respondents in this proceeding. If they have rights growing out of such matters they must be asserted and established in an appropriate action brought for that purpose. This proceeding is statutory, and the only question to be considered and determined, as indicated by the statute itself, is whether the petitioner had a right to the change, that is, whether such change would adversely affect vested rights of others. *Lower Latham D. Co. v. Bijou I. Co.*, 41 Colo. 212, 93 Pac. 483; *Wadsworth D. Co. v. Brown, supra; Farmers' High Line & Res. Co. et. al v. Wolf et al.*, 23 Colo. App. 570, 131 Pac. 291.

When petitioner had established the fact of ownership of Colony Ditch No. 1, and the priority decreed to it, and that the change of point of diversion, with the right of use limited and restricted as it is by the decree of the district court, did not injuriously affect any vested right of respondents, and the court below on the testimony correctly, as we think, so found, the decree of confirmation entered upon such finding is proper and should be upheld.

It is contended that the case presents many unique features, and for this reason ought not to be governed in its determination by rules heretofore applied by this court in similar proceedings. We fail from the record to discover facts which distinguish this case from others to which the foregoing rules of law have been held applicable. In any event, we feel sure that the case does not present features sufficiently unique to justify this court in overturning a long line of decisions which have uniformly and consistently rec-

ognized and enforced these rules in kindred cases for more than a decade.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and MR. JUSTICE WHITE concur.

Decided June 7, A. D. 1915.   Rehearing denied July 6, A. D. 1915.