No. 16,712.

QUIRICO ET AL. *v.* HICKORY JACKSON DITCH COMPANY.
(251 P. [2d] 937)

Decided December 8, 1952.

Mr. GEORGE M. CORLETT, Mr. CHARLES R. CORLETT, Mr. WILLIAM R. BARTLETT, for plaintiffs in error.

Mr. RAPHAEL J. MOSES, Mr. WILLIAM O. DESOUCHET, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

DEFENDANT in error ditch company, as plaintiff below, sought injunction against Quirico and Kane, grounded upon asserted ownership of a water appropriation out

of Rock Creek decreed as of September 24, 1919, to the Alamosa Ditch, and also upon asserted right to divert all the drainage water carried in Bowen Drainage Canal outlet at the point where the same crosses Rock Creek "by contract and filing an application for beneficial use," and diversion and use of such water for many years. In its complaint, plaintiff alleged that defendants had interfered with its said water rights and diverted water from Rock Creek when there was insufficient to supply plaintiff's decreed priority and when it was required for irrigation by its stockholders.

Defendants by their answer denied plaintiff's title; admitted the entry of the decree under which it claimed title, and averred that such decree was entered in the year 1934 without notice to defendants or their predecessors and without jurisdiction, and that defendants had openly diverted water from Rock Creek for irrigation of their lands for more than thirty years without objection or interference by plaintiffs until 1950.

By cross complaint defendants alleged, inter alia, that an adjudication proceeding was initiated in said water district about the year 1910 and decree duly entered therein on September 13, 1916; that thereafter in 1924 said matter was reopened for hearing of further evidence on claims filed subsequent to said decree upon notice published in one newspaper in each county in said district, but without notice to these defendants; that thereafter, a further decree was entered May 1, 1926, designated as "final hearing and adjudication"; that about the year 1931 plaintiff filed a map and statement of claim of the Alamosa Ditch with the state engineer and prevailed upon the district judge to reopen said adjudication proceedings for the purpose of introducing evidence of subsequent claims, and that thereafter decree was entered, dated December 15, 1934, granting to the Alamosa Ditch the priority upon which plaintiff relies in this action; that said decree was entered without notice to these defendants or their predecessors, without their knowl-

edge, and without their consent, and that had defendants had notice of such proceeding they would have appeared and presented evidence as to their own prior use; that no attempt has been made for a period of over forty years by water officials to administer the waters of Rock Creek, or to regulate headgates below the Monte Vista Canal; that all the waters of Rock Creek were diverted and exhausted in the irrigation of lands above the Monte Vista Canal before the original adjudication of water rights in said district, except for certain flood waters otherwise appropriated; that no water has passed down portions of Rock Creek for a period of sixty years, and the channel thereof has been obliterated; that waters lower down in said stream have been accumulated from seepage and surplus and waste waters from adjacent lands irrigated from the Rio Grande River; that defendants and their predecessors have continuously diverted said waters without supervision or interference since about the year 1914, until shortly prior to the commencement of this action, and that the so-called Alamosa Ditch was originally constructed long after the year 1919 for the purpose of conveying other water than that here claimed by plaintiff.

The trial court sustained the motion of plaintiff to dismiss defendants' cross complaint on the ground that it did not state facts sufficient to constitute a claim, and thereafter found that the rights of plaintiff to the use of water out of Rock Creek were superior to those of defendants, and that defendants had interfered with plaintiff's use of said water, and enjoined defendants from further interference.

While several grounds are here urged for reversal, the principal issue argued, and the only one with which we think we need now be concerned, grows out of the pleaded lack of notice in the reopening of the adjudication proceeding wherein plaintiff's decree was awarded. The right of defendants to challenge plaintiff's priority

to drainage water claimed "by contract and filing an application to a beneficial use," is not here raised.

Accepting, as we must, the truth of the allegations of defendants' cross complaint, we have here presented the question whether a decree adjudicating a water right in supplementary proceedings, after a general decree has been entered, without notice as required by the statutes then in effect, or at all, is subject to attack by other users who had no notice or knowledge as to such decree or reopening of the adjudication proceedings or of the hearings thereon, where the headgates were not at any time regulated and the waters of the stream were not administered by the water commissioner, and the use of water had in no way been changed or disturbed or challenged by virtue of such decree until after the expiration of four years from the date of said decree and shortly prior to the institution of the action seeking to challenge it.

Counsel for defendant in error, in support of the determination by the trial court, cite chapter 90, section 183, '35 C.S.A., then in effect: "After the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in case of suits before then brought, and thereafter all persons shall be forever barred from setting up any claim to priority of rights to water for irrigation in such water district adverse or contrary to the effect of such decree." They cite, *Broad Run Inv. Co. v. Deuel, etc. Imp. Co.,* 47 Colo. 573, 108 Pac. 755, and *Ft. Lyon Canal Co. v. Arkansas Valley Co.,* 39 Colo. 332, 90 Pac. 1023, in which our court held that, "after the lapse of four years from the time of rendering a water decree in any water district, all persons are forever barred from setting up any claim adverse to its effect, and that the bar applies to appropriators in different districts taking water from the same stream," and *West End Irr. Co. v. Garvey,* 117 Colo. 109, 184 P. (2d) 476,

and other cases in which this court has said that the bar of this statute is not strictly one of res judicata, but one of limitation, and that after the expiration of the four-year period a decree within the purview of the statute may not be attacked except on the ground that it was procured by fraud. On these authorities they insist that defendants are barred by the four-year statute from attacking plaintiff's decree.

The statutes composing our adjudication proceedings provide for the giving of notice to all water users concerned. These provisions have repeatedly been held sufficient to comply with the requirements of due notice, and decrees entered thereunder to be res judicata after two years, under the two-year statute, and to constitute the beginning of a period limited for the beginning of subsequent actions under the four-year statute. Our court said in *Ft. Lyon Canal Co. v. Arkansas Valley Co., supra,* that, "A statute of limitations is not invalid if the time thereby provided in which actions are barred is not unreasonably short. All persons are bound to take notice of a public law. The irrigation statutes are public, and apply to all persons taking water from the same source. The waters of the state belong to the public, and * * * the state in its sovereign capacity had the right to provide a reasonable method whereby such rights might be adjudicated and settled, and to require claimants of such rights to present them in a prescribed manner, within a prescribed time, and unless the law in this respect was obeyed, that all claims not thus presented should be barred. * * * All persons are bound to take notice of these provisions. * * * each claimant is put upon inquiry as to when adjudication proceedings are had in the several districts * * *, and, being put upon inquiry, has constructive notice of all facts which he could have learned by investigation which the statute contemplates by its terms he shall take notice of."

Certainly among the matters of which each claimant has such constructive notice is the requirement

of the statute as to notice to be given to all claimants either in case of original adjudication or of reopening the same for determination of subsequent rights. It could hardly be successfully contended that a decree is valid against those not participating where process has not been served, or notice given as required by statute. Such a decree is not res judicata. No more can it, we think, be considered a valid decree to start the running of the period of limitations as to those who do not participate in its benefits or even have knowledge of its rendition. In the Ft. Lyon Canal Company case, the court said: "Counsel for defendants contend that these adjudication proceedings, having been in all respects regular, are conclusive of the rights of the plaintiff company after the lapse of the period prescribed" by the two-year statute and the four-year statute. In the Broad Run Company case, the court said, "We may rightfully assume that in the original decree of adjudication the proper notices were given and published, which, if the statute in that respect was complied with, would bind this petitioner, the same as if he had actually appeared in, or participated in the original proceeding, since it was in the nature of a proceeding in rem, the petitioner a legal resident, and the priority which it claimed was for lands situate in this water district." In the West End Irrigation Company case, there was no challenge to the sufficiency of notice in the adjudication proceeding involved. The case of *In Re German Ditch and Res. Co.,* 56 Colo. 252, 139 Pac. 2, involved a situation where appellants did not participate in the adjudication and the service upon which the decree was rendered was not in compliance with the statute. Motion was made to dismiss their appeal because not applied for within two years from the date of entering the decree, and this court there said as to such decree, "It follows that it never became final as an adjudication decree against them until by their actions they became parties thereto, and then not until the relief prayed for was denied."

So, in a situation such as alleged in plaintiff's complaint, the adjudication decree could not become final as to parties without notice who did not participate or accept its benefits or have knowledge of its rendition, as in the case before us, and, if it was not a final decree as to them, under the very terms of the statute it could not start the beginning of the period of limitation.

We have no such situation shown here as in *Boulder and Weld County Ditch Co. v. Lower Boulder Ditch Co.,* 22 Colo. 115, 43 Pac. 540, where the parties attacking the decree had participated in its benefits and accepted its fruits by using the water therein decreed to them, or as in *Hinderlider, State Engineer v. Town of Berthoud,* 77 Colo. 504, 238 Pac. 64, where a party sought to accept the favorable provisions of a decree and at the same time nullify a forfeiture clause included without jurisdiction. We think defendants' answer was sufficient to constitute an actionable claim in response to plaintiff's prayer for an injunction. In so holding, we consider only the right of the defendants to be heard as against plaintiff's claim in the injunction suit in which their pleading is filed. As to the prayer in the cross complaint, that in such proceeding they be adjudged to be the owners of water diverted at their headgate, as therein prayed for, we cannot think such general adjudication, if so contemplated, is within the province of the court in this action, or without notice to other users in the manner as provided by the adjudication statutes.

Judgment reversed and cause remanded.