No. 25682

In the Matter of the Adjudication of Priorities for the Right to the Use of Water for all Beneficial Purposes in Water District No. 58, Irrigation Division No. 6, State of Colorado — Public Service Company of Colorado, a Colorado corporation v. Wesley E. Signs, Division Engineer of Division No. 6

(520 P.2d 589)

Decided March 25, 1974.

Sid Pleasant, R. H. Peck, Lee, Bryans, Kelly & Stansfield, Alfred J. Hamburg, for appellant.

John P. Moore, Attorney General, John E. Bush, Deputy, James D. Geissinger, Special Assistant, for appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

This is an appeal from a decree of the Routt County district court which set aside prior conditional decrees of water rights obtained by the appellant Public Service Company of Colorado.

On October 2, 1970, the district court entered two conditional decrees for Public Service Company. The first was for direct flow rights for the Saddle Mountain Pump Stations in the amount of 65 c.f.s. and was given a priority date of August 4, 1964. The second conditional decree was for the Hinman Park Reservoir. It was for 44,038.7 acre feet of storage water and had a priority date of August 4, 1964.

All the proceedings below were controlled by the now repealed water law statutes, C.R.S. 1963, 148-9-1 *et seq.* On February 16, 1972, the district court appointed a referee

pursuant to C.R.S. 1963, 148-9-4. Before the appointment the court had held hearings on the matter, and the water judge on April 3, 1972 entered a finding of due diligence as to both conditionally decreed claims. Thereafter, the referee sent notice of hearings, C.R.S. 1963, 148-9-5, to all interested parties. Such hearings were set for May 8, 1972. However, the judge had previously indicated to one of the attorneys for Public Service Company that duplicate testimony before the referee would not be required. No one appeared to contest the claim.

It is undisputed that no evidence was offered or presented to the referee. The record is devoid of any challenge to the decrees and there was nothing to contradict the court's previous conditional decrees and the priority dates of each claim. Nor were the findings of due diligence contested. Although the statute and the order of appointment specify that the referee take evidence and report the same, the only function performed by the referee on the claim was to review the transcript of the hearings before the water judge which had culminated in the entry of the water judge's findings. This review procedure is not provided for by law. Nonetheless, the referee substituted his judgment for the court's and in his report recommended that (1) the Saddle Mountain Pump Station conditional decree and finding of due diligence in the ensuing two years be set aside; (2) the priority date on Hinman Park Reservoir be changed to August 31, 1967. These recommendations were entered without notice and adopted by the district court. We reverse and remand.

Appellant presents four issues for our consideration. We believe one issue is dispositive of the appeal: that is, whether a referee may make findings — on the identical evidence used by the water judge — to contradict and overturn the court's decision without having received any additional evidence. In answering this question in the negative, we hold that, where a district court has made findings, the power of the referee to submit suggested contradictory findings is limited by the requirement that there must be evidence to support the actions of the referee.

The procedures guiding the conduct of a water referee were set forth in the statutes. A referee could be appointed by the district court when it was impractical to proceed in open court, C.R.S. 1963, 148-9-4. His duties, as defined by that section, were the "taking of evidence and reporting the same, and making a suggested form of finding and decree thereon." *Id.* The adjudication trial conducted by the referee had to include a hearing on "all the evidence either in support of or against any water right * * * touching upon the truth of the matters alleged in the statements of claim and upon the diligence shown by the claimants * * *." *Id.* 148-9-10(1). To aid the referee in this process, the legislature had given him the power to require the parties to produce evidence. *Id.* 148-9-9. At the close of the evidence, the referee had a duty to make findings of fact and tender a decree to the court. That decree had to be predicated on compliance with the previously mentioned statutes.

 In addition, we believe C.R.S. 1963, 148-9-12 is most pertinent:

"(1) In all water adjudications tried before a referee, the referee, *after having taken the evidence and having heard the argument of counsel,* shall make a draft of findings of fact * * *." (Emphasis added.)

This section obviously means a referee could not make findings prior to having heard the evidence and arguments of counsel. In order to be consistent, we hold this section also means that, where conditional decrees have previously been entered, the referee must comply with the statute before his suggested form of decree may alter such conditional decrees. A mere review of the transcript of the prior proceedings in the district court is insufficient. A referee is a fact finder. Any finding made without complying with the statute is subject to attack on that ground. *Cf. Quirico v. Hickory Jackson Ditch Co.,* 126 Colo. 464, 251 P.2d 937 (1952).

 Appellee contends, however, that since a district court may make its own conclusions, the referee's findings — as well as the manner in which they are obtained — are immaterial. Any defects, they argue, can be cured by the

district court. Such an argument, however, conflicts with the purpose of a referee and the adjudication procedure. A referee, like a master, is an aid to the court. C.R.S. 1963, 148-9-4; C.R.C.P. 53. The findings of the referee, though not absolutely binding on the court, clearly guide the inquiry and affect the result. To say the referee's failure to comply with the statute is immaterial is to defeat the purpose of utilizing the referee and in effect makes him a substitute for the judge.

Had a petition for rehearing been filed before the judge and granted on new evidence, a protestant (there was none) might have persuaded the water judge that he erred in making his finding of due diligence and in establishing the priority dates granted in the conditional decree entered two years earlier. However, the evidence supported both the conditional decree and the finding of due diligence. The evidence does not support the subsequent orders of the court.

The judgment is reversed, and the cause is remanded to the water judge for reinstatement of the cancelled decrees, reinstatement of the priority dates, and to reenter the previous finding of due diligence.