[No. 6818.]

### RENO V. THE RENO AND JUCHEM DITCH CO.

1. PRACTICE IN THE SUPREME COURT—*Harmless Error*—The rejection of a pleading is harmless if the party is permitted to put in testimony as fully as if the pleading had been permitted to stand—(591).

2. ——*Questions not Presented Below*—Will not be considered in the court of review, e. g., where a corporation plaintiff is permitted, without objecttion, to prove at the trial, the proceedings by which it became incorporated, though these are not asserted in the pleadings—(591).

3. CORPORATIONS—*Evidence of Incorporation*—Incorporation is established, *prima facie,* by certified copies of the articles of incorporation and their renewal or extension—(592).

4. EVIDENCE—*Sufficiency*—Defendant having an interest in an irrigating ditch, participated in the organization of a cor-

poration in the articles of association of which the same ditch was described, and it was set forth that the purpose of the parties was to protect their rights in the same ditch. He became a director and officer of such corporation, and a priority was awarded to the corporation in respect to the same identical ditch. These circumstances were held sufficient to exclude all inference of a retention by the defendant of an individual and separate interest in the ditch, and to overcome his affirmative evidence of such retained interest—(592, 593).

5. INJUNCTION—*Interference With an Irrigating Ditch*—Restrained by injunction—(591).

*Error to Jefferson District Court*—Hon. A. H. DEFRANCE, Judge.

Mr. JAMES P. WILSON for plaintiff in error.

Mr. J. W. BARNES for defendant in error.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Defendant in error, as plaintiff below, brought suit against plaintiff in error, as defendant, the purpose of which was to enjoin the latter from breaking the Reno and Juchem ditch and diverting water therefrom. By the complaint the material issues tendered were, that the plaintiff was a corporation, and the owner and in possession and control of the ditch in question; that it was engaged in carrying and distributing water to its stockholders and others for the irrigation of their lands; that it has, and has had, in its employ, at all times an efficient and capable superintendent, whose duty it was to measure the water diverted from the ditch to those entitled thereto according to his or her pro rata share, and to fix and adjust the various boxes through which such water is supplied; that the defendant had no interest in the ditch or the water flowing therein, yet, notwithstanding this fact, he had broken the banks of the ditch and diverted water therefrom, with-

out right, permission, or authority, and against the will of plaintiff and its superintendent, and unless restrained, would continue to do so. The prayer of the complaint was to the effect that the court issue a temporary injunction, restraining the defendant from in any manner interfering with plaintiffs' ditch, and that, upon final hearing, such injunction be made perpetual.

On notice to defendant, a hearing upon an application for temporary injunction was had, and a temporary writ of injunction ordered to be issued, which was accordingly done.

Later, the defendant filed an answer, consisting of three separate and distinct defenses. In the fiirst he admitted that he broke the ditch and took the water therefrom, as charged in the complaint; but alleged that he did so because he was the owner of a one-fourth interest in the ditch and water rights, to which it was entitled. By his second defense, he pleaded *nul tiel* corporation. For a third defense he set up, by way of cross-complaint, that he was one of the original builders of the ditch, and by reason thereof an owner of an interest therein; that he had never sold or transferred this interest, which he alleged to be a one-fourth; that for more than twenty-years before the commencement of the action, he had been in the open, notorious and peacable enjoyment of such interest, and the water rights thereto belonging, without hindrance or objection from the plaintiff, or any one; that he was, at the time of the commencement of the action, in possession of such interest, using and enjoying the same for the purpose of irrigating his land; that plaintiff had obstructed, was obstructing, and threatens to continue to obstruct, his enjoyment of the interest in the ditch and water rights unless enjoined by the court. He prayed that his interest in the ditch be quieted in him.

On motion, the court struck out his cross-complaint. Plaintiff then filed its replication, denying every and all allegations of new matter contained in the answer not expressly admitted. The cause was then tried to the court, and judgment rendered, perpetually enjoining the defendant from committing the acts complained of in the complaint. The defendant has brought the case here for review on error. ·

On his behalf the following errors are assigned:

(1) That the court erred in striking his cross-complaint;

(2) That the plea of plaintiff to the plea of *nul tiel* corporation was not sufficient;

(3) The evidence does not establish that plaintiff was a corporation;

(4) The evidence does not establish that plaintiff was the owner of the ditch.

These several assignments will be considered in the order named.

(1) Conceding that the court erred in striking the cross-complaint, the defendant was not prejudiced. The record discloses that he was permitted to introduce testimnoy touching his ownership and rights in the ditch as fully as though his cross-complaint had not been stricken out.

(2) In support of the second assignment, it is urged that it was necessary for the plaintiff company to have replied to the plea of *nul tiel* corporation, by setting out the acts by which it became a corporation; that the plaintiff failed to do this, and that a mere denial of the facts alleged in the plea of defendant attacking the corporate existence of plaintiff was insufficient. Be this as it may, the plaintiff, without objection, was permitted to prove the acts and steps taken to bring it into existence as a corporation. If the replication was not sufficient to permit such proof, the question should have been raised

in the trial court.     It was not and will not be considered here.

(3)     The testimony was ample to establish that plaintiff was a corporation.     Certified copies of the original articles of incorporation, and of its extension or renewal were introduced at the trial.     This proved *prima facie the* corporate existence of plaintiff. No testimony was offered to rebut it.

(4) .  The testimony on the part of plaintiff was to the effect that it had been in the open and exclusive possession and control of the ditch for many years. The defendant testified that he had been in possession and control of his interest for a long period of time; that he was one of the parties who constructed the ditch; that by virtue of such construction he became the owner of his interest, and that he had never parted with or conveyed it.     It was for the court to determine from these conflicting statements whether or not the plaintiff was in the actual and exclusive possession of the ditch, and was entitled to such possession.     There is testimony, which, to say the least, strongly corroborates its claim that it was.     It appears from the certificate of incorporaion, executed in 1872, that defendant was one of the incorporators of plaintiff company, and by such certificate named a trustee.     The ditch described in the certificate is the identical one in controversy, which defendant concedes, and it appears from the articles of incorporation or association that the purpose of the parties in associating by incorporating the company was to cover their rights in the ditch in controversy.     It appears that later defendant acted as secretary of the corporation; and finally, the priority awarded to the ditch by the statutory adjudication was to the Reno & Juchem Ditch, the claimant of which, the decree recites, is "The Reno & Juchem Ditch Company, a corporation.

There was also testimony on behalf of plaintiff to the effect that from and after its incorporation it had been in the absolute control of the ditch, down to the time the plaintiff had committed the acts complained of, which was in June, 1905.

It is clear from the record brought to our attention, that the judgment of the district court was right, and should be affirmed, and it is so ordered. In reaching this conclusion, we must not be understood as holding that defendant had any right whatever to have the issues tendered by his answer determined. On behalf of plaintiff it is contended that he did not, on the authority of *White v. Farmers' High Line Canal & Reservoir Company,* 22 Colo. 191. We have not regarded it necessary to determine whether that case is applicable to the one at bar. Counsel for defendant has contended that the judgment was wrong because of the errors assigned, which we have determined are without merit. Having concluded that the judgment should not be disturbed, for the reasons urged upon our attention by counsel for defendant, it is unnecessary to consider any other questions.

*Judgment Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.