[No. 8452.]

## SLACK V. ANDERSON.

1. EQUITY—*Purchase Bona Fide.* W., residing in another state, held title, according to the record, to a tract of land of the value of $2,000. In fact, he had conveyed it to his son. On representation of plaintiff that it was "necessary to fix up the title," he executed to plaintiff a quit-claim deed, receiving therefor a sum the amount of which was in dispute, but not exceeding $10. Nothing was ever said or written to him about the purchase of the land, and he executed the quit-claim deed under the belief that he was thereby correcting a defect in the conveyance to his son. *Held* plaintiff was not a *bona fide* purchaser. (467.)

2. NEW TRIAL—*Newly Discovered Evidence,* immaterial to the issue, is no ground for a new trial. (468.)

3. —— *Discretion.* Whether a new trial shall be ordered, after judgment, is within the discretion of the trial court. Where the judgment is upon sufficient evidence the action of the court below will not be reviewed. (468.)

*Error to Phillips District Court.* Hon. H. P. BURKE, Judge.

Messrs. ALLEN & WEBSTER for plaintiff in error.

Messrs. MUNSON & MUNSON for defendant in error.

Opinion by Mr. JUSTICE TELLER.

The plaintiff in error brought suit to quiet title to· a quarter section of land. The defendant, by answer, claimed title from one Mathew Wasley, who was the patentee from the United States government, and who appeared, according to the records, still to be the owner.

It appears from the abstract that the plaintiff, in the spring of 1912, wrote to Mathew Wasley, in Wisconsin, to the effect that a draft for $10.00 had been sent to Hazel Green Bank, to be delivered to him on the execution and delivery of a quit claim deed for the land in question, which the letter said, "you remember you used to own."

Wasley testified that the cashier of the above named bank asked him to sign the deed to fix up the title to the land which his son had sold—he having conveyed to the son in January, 1900; that nothing was said about buying the land; that he signed the deed to clear up the title, and that he received not to exceed five dollars for it. Plaintiff admitted in his testimony that his letter to the bank requested that Walsey be seen, and requested to execute a quit claim deed, "as it was necessary to fix up the title."

The court found that the land was of the value of two thousand dollars; that there was no bargain and sale between plaintiff and Wasley; that there was no consideration for the deed; that Wasley, in executing the deed, supposed that he was correcting a defect in his former conveyance to his son; and that the plaintiff was not a purchaser of said land for value.

On December 11, 1913, before the entry of judgment, plaintiff was given fifteen days in which to move for a new

trial. A motion for a new trial not having been filed, judgment for defendant was entered January 9, 1914.

On May 12, 1914, plaintiff filed a motion to vacate the judgment and grant a new trial, supported by an affidavit to the effect that the books of the above mentioned bank showed a payment to Wasley of ten dollars, and that the plaintiff could not secure the said affidavit within the fifteen days allowed for the motion for new trial.

The court denied the motion, and held that it was not material whether Wasley received all of the ten dollars, or only a part of it, that it was wholly inadequate as a consideration, and that the statute did not contemplate the granting of a new trial upon such a showing as the one there made.

Counsel urge that the court erred in finding for the defendant, and in refusing to vacate the judgment and grant a new trial.

We are of the opinion that there was evidence to support the finding that there was no purchase by the plaintiff, and the finding, therefore, cannot be disturbed.

The setting aside of the judgment was a matter within the discretion of the court, and we cannot say that the court abused its discretion in the order which it made.

The judgment is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE HILL concurring.