### No. 9004.

### RENO *v.* RENO & JUCHEM DITCH COMPANY ET AL.

1. APPEAL AND ERROR.—*Findings Supported by Sufficient Testimony.* will not be disturbed.
2. PARTIES—*Bringing in New Parties.* Bill to establish title to an interest in water, for the irrigation of lands. Judgment for defendant upon a finding that plaintiff had disposed of his interest. Plaintiff applying for a new trial, also asked leave

to bring in as new parties defendant, the stockholders, defendant corporations, which he alleged he had not been able to ascertain, until they were disclosed by the secretary of the company. But the answer alleged that the stockholders of defendant were entitled to use and enjoy the waters claimed by plaintiff, and plaintiff did not then ask to be furnished the list of these stockholders, nor even ask that they be made parties, when later, during the hearing, their names were disclosed. Held that plaintiff having elected to try the action without bringing in the stockholders, was not entitled to complain of their absence, even if they were proper or necessary parties—as to which no opinion was expressed.

*Error to Jefferson District Court, Hon. H. S. Class, Judge.*

Messrs. Johnson & Johnson, for plaintiff in error.

Mr. J. W. Barnes, for defendant in error, The Consolidated Juchem Ditch & Reservoir Company.

Chief Justice Hill delivered the opinion of the court:

The parties differ as to what kind of an action this is. It was brought by the plaintiff in error, hereafter called the plaintiff. He claims it is for the purpose of quieting his title to a water right. The defendants claim otherwise, and contend that the complaint is insufficient for that purpose, in that it fails to allege possession in plaintiff, and other matters necessary to be alleged in such an action. The defendants' theory is that it is a suit in equity calling for injunctive relief, etc., and damages for having denied plaintiff certain alleged rights.

The complaint alleges that about 1870 the plaintiff and two others acquired a right of way for, and constructed, a ditch (naming it) for the purpose of irrigating their lands; that it was mutually agreed that each should be entitled to the use of the ditch for this purpose; that about 1870 plaintiff diverted from Clear Creek through said ditch and applied to a beneficial use, etc., 1.58 cubic feet of water per second of time, on certain lands, describing them; that he was accustomed to thus so do without waiver or abandonment until 1889; that he has not sold, conveyed or aban-

doned said right; that by reason of his diversion and use of said water as aforesaid, he became and is the owner of the right to take from said creek said amount, during each irrigation season, with date of priority of 1870, and became and is the owner of the right to carry said water through said ditch; that per adjudication in 1884, said ditch was awarded 6.31 cubic feet of water per second of time, as of date 1870; that this includes the rights of plaintiff; that since its construction said ditch has accumulated about five second feet of waste and seepage water, of which from 1870 to 1889 plaintiff was accustomed to take and use 1.25 cubic feet per second of time for the irrigation of his crops; that by reason of such diversion and use he became and is the owner thereof, with the right to carry same through said ditch; that during the irrigation season of 1905, plaintiff was in possession of certain lands (describing them), and took said water from said ditch and applied the same to the irrigation of said lands, but that defendants refused to allow him to use said water or any part thereof by reason of which plaintiff was prevented from using said water during said season of 1905, and since, to his damage in the sum of $500.00; that defendants wrongfully assert some right or claim to the use of said water, and the right to carry the same through said ditch, when in fact defendants have no right, title or interest in or to the same; that the defendants have wrongfully carried and threaten to divert and carry said water, which belongs to plaintiff, where the same can not be used by him, and has prevented and threatens to continue to prevent and hinder plaintiff in the use and enjoyment of his said water rights, and the rights to the use of said ditch. The prayer is that plaintiff be adjudged the owner of both the direct and seepage water as aforesaid, and the right to carry the same through said ditch, and that the defendants be restrained from asserting any claim to said use of water or right to carry the same and from diverting and carrying the same beyond the control of plaintiff and for general relief.

The answer admits the partial construction of the original ditch by the parties as alleged and such ownership from 1870 to 1872, but denies such ownership since then; alleges that in 1872 the parties named in the complaint, as the original owners of the ditch, incorporated the defendant, The Reno & Juchem Ditch Company; that by reason thereof, the declarations contained in its certificate of incorporation, their subsequent conduct, etc., that the ownership and title to all the rights of said incorporators in said ditch, as aforesaid, became vested in said corporation; that, in August, 1892, its existence was extended for another twenty years; that ever since its organization, until the organization of the other answering defendant company, The Consolidated Juchem Ditch & Reservoir Company, in 1908, when it conveyed its property to this latter company, that it was in the exclusive possession and control of said ditch and the maintenance and operation thereof and in the carrying and distributing of the water flowing therein to its stockholders; that soon after its organization all of its capital stock (being sixteen shares) was issued and by mutual agreement and by a custom of the company, acquiesced in by all of the stockholders; that the appropriators of water lawfully flowing in said ditch, became and were represented by said stock, and said water distributed among the stockholders in proportion to the amount of stock held by each; that plaintiff served as secretary during the first few years, and as such issued stock and certified that all the capital stock of said company was fully paid. The answer plead the decree issued to it; alleged that plaintiff disposed of his stock and interest in said ditch, and all his rights to the use of water therefrom, on or prior to March 29, 1877, and certified as secretary on said date; that the entire sixteen shares of capital stock of said company had been issued; that said capital stock was fully paid, giving the names of the owners thereof on said date; that all subsequent stockholders derived their shares through these parties and that after March 29, 1877, until 1887, the plain-

tiff had no interest as stockholder or otherwise, and claimed no interest; that in 1887 he again acquired an interest, and afterwards disposed of it; that from 1877 to the present time he paid none of the expenses of the maintenance or operation of the ditch and has taken no water therefrom except wrongfully and surreptitiously and made no claim to ownership until 1905. The defendants admitted the contention of 1905, and plead the suit of *Reno v. The Reno and Juchem Ditch Company,* 51 Colo. 588, as *res judicata* of this action; alleged ownership to all their priorities in the stockholders of the defendant company, The Consolidated & Juchem Ditch and Reservoir Company, and that it has no surplus water. After pleading other affirmative defenses, they conclude with an allegation of open and notorious possession and use for the parties entitled thereto as aforesaid, under claim of ownership by them for over twenty years and deny all other allegations in the complaint. The replication denies certain portions of the answer and admits others.

The foregoing synopsis of the pleadings disclose that the action involves more than one to simply quiet title to a water right. It includes an alleged interest in the ditch for the future carriage of the water, and the right to the use of certain seepage and waste waters, which have since accrued in and become appurtenant to the ditch by virtue of its construction and operation. To some extent it includes questions involved in both kinds of actions.

The exact nature of the action is unnecessary to determine, as is the sufficiency of the defendant's plea of *res judicata.* Trial was to the court. Both sides were given unlimited latitude in submitting testimony pertaining to the history of the construction of the original ditch, the extension ditch, the consolidation of the two, by whom each was constructed and used, the several transfers, by whom and how made, likewise all matters pertaining to the appropriation of waters therefor, adjudications, etc., and all other matters pertaining to the ownership of all. In such

circumstances, the order of proof became immaterial. The findings were in favor of the defendants ditch companies. In passing upon them, the court said:

"In my judgment the plaintiff has failed to establish any right or title to the water in controversy * * * It appears and has been established to my satisfaction that the water right, or interest he had, was disposed of by him to others, and I think that there must have been an intendment to convey the water rights as well as the rights in the ditch. There are other matters, small matters, the demeanor of the witnesses on the stand, that led me to believe the defendant's side of this controversy; the weight of the evidence is with the defendants. * * * So far as abandonment is concerned, I think it is only necessary to pass upon that in connection with the conduct of the plaintiff on the theory that he sold and disposed of his stock."

It would accomplish no useful purpose to set forth and comment upon the testimony in detail. Counsel for plaintiff admits, as the evidence shows, that he disposed of his interest in the ditch many years ago, but contend that he did not sell his water rights. This contention is, in part, inconsistent with his claim set forth in his pleadings that he had the right to have his alleged water rights carried through this ditch and that he became the owner of certain seepage waters that came into the ditch by virtue of its construction and operation; but eliminating this, there is ample testimony to sustain the court's conclusion that he disposed of his water rights or interest in and to any water acquired by virtue of his original interest in and use of the ditch at the time that he disposed of his interest in the ditch. Such being the case, it is not the province of this court to disturb the finding.

*Colo. P. Tel. Co. v. Colorado Springs,* 61 Colo. 560, 158 Pac. 816; *Slack v. Anderson,* 60 Colo., 466, 154 Pac. 89; *Rogers, et al v. Nevada Canal Co.,* 60 Colo. 59; 151 Pac. 923; *Central Trust Co. v. Culver,* 58 Colo. 334, 145 Pac. 684.

In presenting the history of these ditches, it was disclosed that while the plaintiff and two others had originally commenced the construction of the original ditch, and turned it over to the corporation formed by them, viz., the defendant, The Reno and Juchem Ditch Company, with a capital stock of sixteen shares, all of which, in March, 1877, were owned by three persons; that later what is called the extension ditch was constructed by The Juchem Extension Ditch and Reservoir Company; that this ditch was an extension of the original ditch; that thereafter, the interests of both were merged and transferred to a new corporation known as The Consolidated Juchem Ditch and Reservoir Company, one of the defendants herein; that the right to the use of water in the entire system was then evidenced by the stock of this latter company, which, at the time of trial, was owned by some seventy persons. In his motion for a new trial, the plaintiff asked permission to bring in as new party defendants all of those who use or claim to use the water and water rights in question, in order, as he alleges, that all parties in interest might have their day in court. He claims that this was justifiable when the evidence disclosed who they were. Error is assigned to the overruling of this request. It is urged that the main object of this action was to establish ownership in a water right to quiet title thereto and to require The Reno and Juchem Ditch Company to set up any right it had in it; that as the defendants did not claim to own the water, and did not assume to represent any one who did, and because at the time the plaintiff commenced this action he did not know who claimed any interest in his water, outside of The Reno and Juchem Ditch Company, and because this defendant did not, in its answer, enlighten him as to who was claiming it; that he was not able to secure this information until the witness Cole, secretary of the Consolidated Company, furnished him with a list of its so-called stockholders to the number of seventy; that for these reasons, when they were ascertained that it was his right to have

them brought in and have his title quieted against all parties claiming any interest therein. One answer to this contention is plaintiff's erroneous position concerning it. His assumption that the defendants did not assume to represent any one who claimed to own this water is not correct; but to the contrary the pleadings disclose that The Consolidated Company was the owner of the ditch, and that the persons entitled to the use of the priorities awarded to its predecessors in interest were its stockholders and consumers thereunder. After this answer was filed, the plaintiff did not see fit to ask to be furnished a list of their names, or that they be made parties to the action. Neither did he do so when the list was furnished during the taking of testimony, but raises the question for the first time in his motion for a new trial. In their answer, the defendants alleged that all the waters to which said ditch was entitled had been appropriated by others than the plaintiff, for the irrigation of their lands, etc.; that such consumers have and claim a right thereto, etc., and that it has been diverted and delivered to them, etc.; that by reason thereof, said consumers are necessary and proper parties to this action. In reply to this allegation, the plaintiff states that as to whether all of the waters entitled to flow in said ditch have been appropriated by a large number of farmers, etc., under said ditch, plaintiff has not and cannot obtain sufficient knowledge or information upon which to base a belief, and alleges that if such is the case that their rights are subsequent to and subject to the rights of plaintiff; denies that said appropriators are necessary parties to this action. This replication was filed five months after the answer of the defendants was filed. Thereafter, plaintiff went to trial without asking that these appropriators be brought in, and during the trial when informed by testimony who they were, he did not then ask that they be brought in, but presented it for the first time in his motion for a new trial. He evidently was satisfied, until after the case was decided against him, that for the purposes of the

issues made, it was competent for the ditch companies to represent and act as the agent of its stockholders in the determination of the question between them and him as to who was the owner of the water rights in question. In such circumstances, he cannot now be heard to complain because they were not brought in, for which reason it is unnecessary to determine whether they would be necessary or proper parties in an action of this kind. In this jurisdiction the rule in water cases is that where a case is, by consent of a party, tried upon a certain theory that he will not thereafter be heard to complain that it was not the correct one.

*Johnson, et al. v. Sterling Irr. Co.,* 49 Colo. 482, 113 Pac. 496; *Weldon Valley Ditch Co. v. Farmers Pawnee Canal Co.,* 51 Colo. 545, 119 Pac. 1056.

Perceiving no prejudicial error, the judgment will be affirmed.

*Affirmed.*

Mr. Justice Garrigues and Mr. Justice Scott concur.