No. 12,232.

Kibbee *v.* Kostelic.
(287 Pac. 652)

Decided March 10, 1930.   Rehearing denied April 28, 1930.

Mr. WALLACE SCHOOLFIELD, for plaintiff in error.

Mr. THOMAS A. NEVENS, Mr. FRANK SWANCARA, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN July, 1910, John D. Pledger, who is the predecessor in interest of the plaintiff in error Kibbee, in an individual proceeding instituted by him in the district court of Chaffee county under the provisions of section 1788, C. L. 1921, entitled as in the general water adjudication proceeding in water district No. 11 of the state of Colorado, obtained a decree awarding to his Cedar Springs ranch ditch a priority of right to the use of water for irrigation from Four Mile creek of two cubic feet of water per second of time, with a priority as of date March 20, 1898, for the irrigation of the 160 acre tract of land which Pledger at the time owned and occupied. From the time the decree was rendered Pledger and his successor Kibbee have uninterruptedly and without objection improved and cultivated their farm with the

waters secured by this priority, and used practically all of the waters of Four Mile creek until some time during the year 1927. In December of that year the defendant in error Kostelic, who had not previously made, or filed, any written claims to any of the waters of Four Mile creek, appeared in the district court of Chaffee county by petition, asserting that he and his grantors had appropriated the waters of this same Four Mile creek, by means of the Truscott ditch, and he claimed, by reason thereof, a priority to its waters as of date May 1, 1886, of two cubic feet of water per second of time. This petition of Kostelic was under the same section as that under which Pledger initiated his proceeding. There was no protest or objection to the proceeding instituted by Pledger, grantor of Kibbee. In the proceeding initiated by Kostelic, Kibbee entered his voluntary appearance and filed his written protest to Kostelic's claim upon four different grounds as follows: (1) That Kostelic's claims could not be heard or determined in his individual proceeding, since his claims arose or accrued prior to the time when the priorities of right to the use of water for irrigation in that water district No. 11 had been as aforesaid settled and adjudicated by the general decree regularly had and entered in such proceedings; (2) that Kostelic's petition was insufficient to justify or sustain the allowance of any decree in that it failed to state or name the ditches, canals or reservoirs, or the names of the owners, or any thereof, against which Kostelic, defendant in error, claimed or claims the alleged priorities of rights for his Truscott ditch; (3) because the claims of Kostelic are barred as against the rights of plaintiff in error by the pertinent statutes of limitation of the state; (4) because the evidence offered and received upon the hearing of the petition is not sufficient to warrant or justify any decree in Kostelic's favor.

All these objections were overruled by the district

court and to the priority decree awarded to Kostelic Kibbee prosecutes this writ of error.

Section 1760, C. L. 1921, of our irrigation statute provides for what is commonly recognized in this state as authority for the district court to adjudicate generally the respective priorities of right to use of water for irrigation in the several water districts of the state. A decree thereunder has as many subdivisions as there are ditches, canals or reservoirs to which awards of priority are made. The decree itself is usually referred to in our reported decisions and by our people generally as the "general" decree in such water district. Doubtless perceiving that not all owners or claimants of priorities would respond to the notice given, or obtain decrees therefor in the general adjudication decree, our legislature by section 1788, C. L. 1921, provided that: "No claim of priority of any person, association or corporation, on account of any ditch, canal or reservoir, as to which he, or she, or they shall have failed or refused to offer evidence under any adjudication herein provided for or heretofore provided for by said act, the title of which is recited in section four hereof, shall be regarded by any water commissioner in distributing water in times of scarcity thereof, until such time as such party shall have by application to the court having jurisdiction, obtained leave and made proof of the priority of right to which such ditch, canal or reservoir shall be justly entitled, * * * nor until a decree adjudicating such priority to such ditch, canal or reservoir has been entered."

Pledger, grantor of plaintiff in error Kibbee, who claimed the priorities involved in the proceeding now before us, did not appear in the general adjudication proceeding before the general decree there was rendered, and not until after it had been entered. Pledger did, however, subsequently, and at the times hereinabove mentioned, appear in the same district court in which the original decree was entered and filed his application or petition, asserting his priority and the dates thereof,

and asked for an adjudication thereof, which the district court granted, and under its decree, which has never been hitherto questioned, Pledger and Kibbee, his grantee, have continuously ever since that time, as well as before, used the waters now in dispute.

It is not altogether clear from the record before us whether the district court treated Pledger's application as a continuation of the general adjudication proceeding, in which the general decree in this water district was rendered, or whether it was entitled differently and merely as a subsequent and an additional application which section 1788, supra, authorizes. Counsel for Kibbee here asserts that the Pledger application and proceeding constituted a mere continuation, and became a part of the original general proceeding in which priorities generally throughout the district were ascertained and awarded. But in the view we take of the case it is not material or important whether Pledger's application is to be considered as a continuation of the original, or an entirely separate and distinct, proceeding. We have, after a careful examination of this record, reached the conclusion that the decree in this case awarding to the defendant in error Kostelic a priority as of a date earlier than the date of the priority awarded to Pledger, the grantor of the plaintiff in error Kibbee, in the proceeding instituted by him, is fundamentally wrong.

Undoubtedly the district court had jurisdiction to ascertain and determine Pledger's asserted priority and award to him a decree therefor, in the proceeding instituted by him, whatever it was. The court likewise had jurisdiction to entertain the application of Kostelic, but we think, in the exercise of its jurisdiction, it reached the wrong result. Section 1788, under which both the application of Pledger and Kostelic were initiated, provides that the owner of a priority who has failed to offer evidence under *any* adjudication provided for by our statutes, may obtain leave and make proof of such priority, but in ascertaining and determining the

same, by repeated decisions of this court, the priority awarded in such circumstances must bear a date later than the latest priority awarded in the general decree in that district. There is no dispute about this general proposition, but counsel for Kostelic say that that principle does not apply as between different claimants of priorities who proceed under section 1788 in cases where both have failed or refused to offer evidence and obtain decrees in the general adjudication proceeding. In other words, learned counsel for defendant in error say, as we understand them, that, as between rival claimants under section 1788 asking for priorities, after a general decree has been entered, the trial court may give to a claimant, later in time of application and later in time of decree, a priority earlier than the priority theretofore awarded to the earlier decree holder. We cannot agree with this contention. Pledger received a priority later in date than the latest priority awarded in the previous general decree. That was right. Kostelic, however, received a priority as of an earlier date than the priority awarded to Pledger, whose decree was first entered, and this was wrong. The four years' statute of limitation provides, section 1785, C. L. 1921, that after the lapse of four years from the time of rendering a final decree, in any water district, all parties whose interests are thereby affected shall be deemed and held to have acquiesced in the same, except in certain contingencies which are not important here, and section 1789, the two years' statute, provides that the district court, or a judge thereof in vacation, shall have power to order, for good cause shown, and upon terms, a reargument or review, with or without additional evidence, of *any* decree made under the provisions of this act, but such review or reargument shall not be ordered unless applied for by petition or otherwise within two years from the time of entering the decree complained of.

Kostelic did not ask for a reargument or review of the Pledger decree within two years after the same was en-

tered; nor did he within the four years thereafter attempt to have the same set aside. Kostelic, however, contends that these statutes of limitation apply only to the general adjudication decree which is rendered in proceedings instituted under section 1760, C. L. 1921, and he says that Pledger's decree was not entered by the authority given in that section.

Defendant in error, as stated, chiefly relies for an affirmance upon the proposition that our two years' statute of limitation for reargument and review, and the four years' statute for ascertainment of priorities by an independent suit in equity, apply only to the final decree rendered in the statutory proceeding instituted for determination of all priorities within a given water district and which we usually call a general decree, and not to any other decree rendered in a proceeding initiated by an individual for the determination of his priority. We cannot acquiesce in this contention. Section 1784, C. L. 1921, expressly provides that, notwithstanding the priorities that are awarded in *any* decree, not merely the general decree, rendered under the provisions of our statute, any appropriator may in a suit in equity, in any court having equity jurisdiction, have his priority claim determined at any time within four years after the rendering of *a* final decree under the act; but after the lapse of four years from the time of rendering *a* final decree, not any particular final decree, section 1785, the four years' limitation statute, provides that all parties whose interests are thereby affected shall be deemed and held to have acquiesced in such decree. It thus appears that the limitation of four years applies not merely to the general decree but to *any* final decree rendered under the provisions of the irrigation statute. Turning to the two years' limitation for reargument or review, section 1789, C. L. 1921, we find it provides that the district court may permit, for good cause shown, a reargument or review of *any* final decree, not the general final decree, but *any* final decree under the provisions of the act, but no such review or

reargument shall be ordered unless applied for within two years from the time of entering the decree complained of. Considering, therefore, all of our statutes together, we have reached the conclusion as above indicated that where, as here, a claimant of a priority secures a decree under section 1788, he has a decree that is as final and absolute as if it had been rendered in the general adjudication proceeding itself under section 1760. Certainly if Pledger's decree had been obtained in the general adjudication decree his rights would be superior to that of Kostelic, because earlier in time of rendition and superior in priority of right to any decree rendered in any subsequent proceeding. Pledger's decree, which was entered in a proceeding initiated by him under section 1788, when obtained, is equally final and absolute, and the statute of limitation which is applicable to final and absolute decrees applies necessarily to decrees in proceedings under section 1788, the same as under section 1760. This seems to us in consonance with justice and the clear and evident intent of the legislature. Kostelic's entire argument is based upon the unwarranted assumption that under our statute there is only one final and absolute decree establishing priorities of right to the use of water for irrigation in any water district in this state and that is what we usually denominate the general decree. All subsequent decrees according to Kostelic are not final and absolute. A decree entered in a proceeding begun subsequent to the date of the general decree is as absolute and final as if rendered in the general decree and should be attended with like results. Such being our conclusion all other questions discussed by counsel at great length in their briefs are not considered, for their resolution, one way or the other, would not affect our conclusion as stated. *Hardesty Co. v. Arkansas Val. Co.,* 85 Colo., 555, 559, 277 Pac. 763.

The judgment of the district court must be, and it is, reversed and set aside and held for naught and the cause is hereby remanded to the district court with instructions

to vacate the same and to enter an order setting aside its decree to Kostelic and give to his priority a date later than that previously awarded to the plaintiff in error.

MR. JUSTICE ALTER not participating.