## No. 12,273.

STRATTON *v.* BEAVER FARMERS' CANAL AND DITCH COMPANY.

(287 Pac. 861)

Decided April 28, 1930.

Messrs. Anderson & Paynter, Mr. C. L. Allen, Messrs. Webster, West & Drath, for plaintiff in error.

Mr. Paul W. Lee, Mr. George H. Shaw, Mr. Donald C. McCreery, Mr. Stoten R. Stephenson, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

This controversy is over the priority of water rights. The case was here before. 82 Colo. 118, 257 Pac. 1077. The trial court had sustained the Beaver Farmers' Canal and Ditch Company's demurrer to Stratton's complaint and dismissed the suit. We held that the complaint stated a cause of action, and remanded the cause with direction to the trial court to overrule the demurrer and proceed with the case. The case was decided against Stratton, and he is seeking a reversal of the judgment.

In a proceeding for the general adjudication of water right priorities in water district No. 1, commenced in the district court of Weld county under section 1760, C. L., a decree was entered on November 21, 1895. In 1899 the company, acting under section 1788, C. L., filed a petition in the same court to have an adjudication of the priority of the company's ditch. The proceeding resulted in a decree, entered on December 17, 1900, awarding the com-

pany's ditch priority No. 46½, as of date December 9, 1889, for 308 cubic feet of water per second of time. The person who then owned the Thomas J. Malloy ditch (which Stratton now claims to own) made no appearance in that proceeding. Nine years later (in 1909) there was commenced in the same court a proceeding entitled, "In the matter of the adjudication of priorities of right to the use of water for irrigation in Water District No. 1 of the State of Colorado." In that proceeding Stratton filed his claim, and the court entered a decree on January 15, 1914, awarding to Stratton's ditch (the Malloy) priority No. 48-c, for 55 cubic feet of water per second of time, as of date February 7, 1882 [sic]. The decree provides that such award is subject to the general adjudication decree of November 21, 1895. On January 25, 1926, Stratton commenced the present suit, praying for a judgment declaring his rights to be prior and superior to those of the company, and for other relief. When the case was here before we held that if Stratton proved the facts alleged in the complaint he would be entitled to some kind of relief, the nature of which we did not determine.

1. Section 1789, C. L., provides that the district court may order, for good cause shown, a reargument or review of any decree made under the provisions of the act; but no review or reargument shall be ordered unless applied for within two years from the time of entering the decree. Section 1784, C. L., provides for the bringing of a suit in equity by any appropriator at any time within four years after the rendering of a final decree under the act, to have his priority determined. Section 1785, C. L., provides that after the lapse of four years from the time of rendering a final decree parties whose interests are thereby affected shall be deemed and held to have acquiesced in the decree.

As Stratton did not ask for a reargument or review of the company's decree within two years after its entry, and did not within four years after the entry of

that decree attempt to have it set aside, Stratton is deemed and held to have acquiesced in that decree and is barred from asserting any rights in conflict therewith.

In *Kibbee v. Kostellic,* 87 Colo. 215, 287 Pac. 652, just decided, we held that the two limitation statutes referred to above apply, not only to general adjudication decrees entered in proceedings under section 1760, C. L., but also to decrees entered in proceedings under section 1788, C. L. The decree awarding priority to the company's ditch was rendered in a proceeding brought under section 1788, C. L. That decree conclusively settles in favor of the company's ditch the question of priority involved in this suit.

2. In law, the decree obtained by Stratton in 1914 was subject to the decree obtained by the company in 1900. The fact that in the decree of 1914 it is stated that the award is subject to the general adjudication decree of November 21, 1895, and omits to mention the decree of 1900, cannot change the result.

3. It is said by counsel for Stratton that the notice published in the proceedings brought by the company was not the notice required by section 1763, C. L., and therefore was void. The notice there prescribed relates to general adjudication proceedings, and does not apply to proceedings under section 1788, C. L., under which the company's proceedings were brought.

4. The published notice notified all owners of any ditches or canals "adversely interested in the adjudication herein to be had," that at a specified time and place there would be heard the evidence of the petitioner, "and all other parties interested therein, concerning said right of said petitioner for said appropriation." It is said that the notice does not state that those adversely interested may file their claims and have the same adjudicated, and that for this reason Stratton was not affected by the proceedings and the resulting decree. We cannot uphold the contention. All persons were charged with the knowledge that if no one successfully opposed the

company's claim at the hearing, the company's ditch would be entitled to, and would receive, an adjudicated priority next to the latest priority awarded by the general adjudication decree of November 21, 1895. Any person who claimed that his ditch, rather than the company's ditch, should be awarded that priority, or that his ditch should be awarded any other priority senior to that of the company's ditch, had an interest adverse to that of the company, and could and should have appeared and contested the company's claim and asserted his own. It is our opinion that the notice was sufficient.

The judgment is affirmed.