## No. 14,830.

MOORE *v.* BURRITT ET AL.

(105 P. [2d] 1084)

Decided September 16, 1940. Rehearing denied October 7, 1940.

Messrs. FAIRLAMB & FAIRLAMB, for plaintiff in error.

Mr. J. GLENN MILLER, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANTS in error, who were plaintiffs below, brought suit to restrain defendants, of whom plaintiff in error Moore was one, from interfering with their water right. A temporary restraining order was issued, and on the final hearing made permanent, following the sustaining of motion to strike the amended answer and cross complaint of defendant Moore as being sham and for judgment on the pleadings. Moore, alone, seeks reversal on an application for supersedeas.

The complaint below alleged: 1. That plaintiffs for many years have been the owners of the Humper ditch which has been used by them and their grantors for the purpose of conveying "seepage, spring and waste water" from Gonzoles gulch in Delta county, to which water they had an adjudicated decree prior to the acquisition of any rights therein by defendants. 2. That "defendants * * * closed, removed and destroyed the headgate of said Humper ditch * * * [and] diverted the flow of said water to another ditch * * * for the purpose of irrigating other lands than the lands of these plaintiffs," without any right whatsoever; * * *. 5. That "plaintiffs have been damaged in the sum of one hundred fifty dollars." Plaintiffs asked that defendants be restrained from interfering with the flow of their water in said ditch and that they be awarded judgment against defendants for one hundred and fifty dollars damages. A motion by defendants for a more specific statement

was denied. Answer admitted the decree, but denied improper diversion, and all damage, and sought to set up a cross complaint alleging that plaintiffs had invaded the property of another and had "tapped a gulch thereon"; that in so doing the plaintiffs had attempted to confiscate and use a ditch belonging to defendant (plaintiff in error) claiming it to be "the Humper ditch, when as a matter of fact it is not." A demurrer to this cross complaint was filed and sustained. A second amended answer and cross complaint, accompanied by several affidavits, then was filed, against which a motion to strike as being sham and fictitious and for judgment on the pleadings was filed. Counter affidavits were filed by defendants. The trial court, after hearing testimony, considering the affidavits, and viewing the premises with the parties and their attorneys, sustained the motion, made the restraining order permanent and entered judgment in favor of plaintiffs for seventy-five dollars as damages.

Assignments of error are summarized by counsel for plaintiff in error as follows: 1. An answer and cross complaint cannot be stricken as sham where cross relief is sought in an equity case. 2. A defendant is entitled to a trial by jury on the question of unliquidated damages. 3. Damages pleaded were only nominal. 4. Partial cost of a survey procured by plaintiffs cannot properly be taxed against defendant.

 1. The court did not err in striking as sham the alleged cause of action attempted to be set forth in the cross complaint, and sustaining the motion for judgment on the pleadings. Counsel for Moore summarizes the alleged cause of action as follows: "Plaintiff in error claims this gulch [Gonzoles] and the right to use the waters therefrom as the Cedar Park Gulch, and alleges the appropriation of the water as of a prior right and senior to that of any appropriation made by defendant in error, and alleged its application to a beneficial use in irrigation on the two farms." In other words, plain-

tiff in error claims the water from the gulch for which defendants in error have a decree by giving to the gulch another name. Technically the cross complaint raised an issue of fact and ordinarily the pleading could not be stricken as sham, but the trial court, with the aid of a surveyor, found that plaintiff in error had no right to any of the water, all of which was covered by the decree of defendants in error. "Conceding that the court erred in striking the cross complaint, the defendant was not prejudiced. The record discloses that he was permitted to introduce testimony touching his ownership and rights in the ditch as fully as though his cross complaint had not been stricken out." *Reno v. Reno & Juchem Ditch Co.,* 51 Colo. 588, 591, 119 Pac. 473. It is obvious that no water right may be established which conflicts with an adjudicated decree, when such alleged right is asserted long after the statute of limitations has run, as was attempted here under the cross complaint. Assuming there was a misunderstanding as to the actual location of the headgate on the Gonzoles gulch, the evidence relating thereto was conflicting, and we assume that the judge, after viewing the premises, rightly determined the issue presented by the respective claims.

■ 2, 3. We do not think the court erred in refusing a trial by jury on the question of damages. While it is true that the record does not disclose what damages were actually established by reason of loss of crops, etc., we think plaintiff in error admitted sufficient damage to justify the award of seventy-five dollars which the court allowed.

Plaintiff in error admits that his actions required defendants in error "to shovel dirt so as to remove the small dam that cut off the flow of water in the Humper Ditch" and "to stop the cut made in the Humper Ditch so as to again cause water to flow therefrom" to the lands of defendants in error. No complaint is made that the judgment for seventy-five dollars is excessive, and it is clear that the allowance of this amount was inci-

dental to the injunctive relief sought. Since the admitted damage occurred during the growing season, the allowance would seem to be modest enough. Assuming that the plea amounted to no more than one for nominal damages (which we do not concede or decide) the court could, under the prayer for general relief, properly make the award. Not only is this true, but the admitted practice in this state is that the calling of a jury in an equity case is discretionary with the court and its verdict is only advisory. *Central Life Society v. Mulford,* 45 Colo. 240, 100 Pac. 423. See, also, 14 R.C.L. 310, 311, § 9.

 4. The trial court, in view of the record, committed no prejudicial error in assessing against plaintiff in error, as costs, $5.75, half the amount paid for the services of a surveyor. We think the assessment was well within the court's discretion. '35 C.S.A., vol. 2, c. 43, § 6.

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.