## No. 14,387.

OTTO LUMBER COMPANY *v.* WATER SUPPLY AND STORAGE COMPANY.
(104 P. [2d] 605)

Decided July 1, 1940.

Mr. Thomas J. Warren, for plaintiff in error.

Mr. Lawrence R. Temple, Mr. Albert P. Fischer, for defendant in error.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

The plaintiff in error Otto Lumber Company, a Wyoming corporation, asks us to review a judgment of the Larimer county district court dismissing the company's petition for a decree changing the point of diversion of water claimed under a ditch priority adjudicated by a decree of 1896 in that court. This decree was for 16.43 cubic feet of water per second of time to be taken out of the Laramie river through the Bliler and Boswell ditch for the irrigation of 225 acres of land in Colorado and 300 acres of land in Wyoming. The Wyoming land has become vested in the plaintiff in error company by mesne conveyances from the original owners.

To the petition the defendant in error Water Supply and Storage Company interposed a motion based upon the following grounds:

"That this Court is without jurisdiction or authority to hear and determine the matters set forth in said petition for the following reasons, to-wit:

"(a) That the priority of appropriation heretofore entered in District 48, to and for the benefit of Bliler and Bosworth [Boswell] Ditch is and at all times since the entry thereof has been contrary to law and void.

"(b) That this Court is without jurisdiction or authority to enter any order or decree permitting a change of point of diversion herein for the reason that the petition shows on its face, and water is to be used outside the State of Colorado and for the irrigation of lands lying in the State of Wyoming, contrary to the law in such case made and provided.

"(c) That the order and decree sought herein are in violation of and contrary to the decision of the United States Supreme Court in the case of the State of Wyoming vs. The State of Colorado, reported in the 287th United States Reports at page 579 and in 298 United States Reports, at page 573."

The motion was overruled. Thereupon there were filed an extensive answer and replication the contents of which need not be stated; for the court thereafter, without taking evidence, summarily dismissed the petition on the ground that the court lacked jurisdiction, as asserted in the motion.

■ We have heretofore held that a statutory proceeding for change of point of diversion has a limited scope and that an extraneous issue cannot be litigated therein. *Consolidated Co. v. Evans*, 59 Colo. 482, 149 Pac. 834.

■■ The decree must be accepted at its face value. If the decree for some reason, other than lack of jurisdiction appearing on its face, should be vulnerable to attack, the attack cannot be collateral, but must be made

directly in an appropriate action other than the statutory proceeding itself. Until then the original decree will stand, subject to the right of changing the point of diversion if such change is shown not to be injurious to other appropriators. This is the only proper issue.

The judgment of dismissal is accordingly reversed and the case remanded with directions to permit the parties to amend their pleadings and proceed in harmony with this opinion. The former opinion, which affirmed the judgment because of ambiguity of the record as to the facts — an ambiguity that on rehearing has been removed — is hereby withdrawn.

Judgment reversed with directions.

MR. JUSTICE YOUNG dissents.